UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case Number 20-20268

v.                                                  Honorable David M. Lawson

MARQUIS EVANS,

        Defendant.

_____/

**ORDER DENYING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE**

      Defendant Marquis Evans pleaded guilty to distributing heroin and was sentenced on March 5, 2018 by the Honorable Robert C. Chambers in the Southern District of West Virginia to 46 months in prison, to be followed by four years of supervised release. He was released from custody and commenced supervision on May 20, 2020, and the Court accepted transfer of his case to be supervised in this district June 26, 2020. He now moves the Court to terminate his period of supervision early, which otherwise would end on May 19, 2024. The government has filed a response in opposition to the motion.

      After a defendant has served at least one year of a term of supervised release, the Court may order early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making the determination, the Court must consider the factors generally prescribed for imposing a sentence initially under 18 U.S.C. § 3553(a). *Ibid.* Those factors include the nature and circumstances of the offense and history of the defendant, the need for the sentence to provide adequate deterrence, the need to protect the public from further crimes of the defendant, the need to provide the defendant with needed educational or vocational training or other services, the range of sentences

provided by the applicable sentencing guideline calculations, policy statements issued by the United States Sentencing Commission, the need to avoid sentencing disparities, and considerations of restitution. *Ibid.*

After evaluating those factors, "a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). Factors include a defendant's "changed circumstances" such as "*exceptionally* good behavior by the defendant" that "render a previously imposed term . . . too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1996) (emphasis added).

Evans argues that he is in full compliance with all of his conditions of supervision and "no longer in need of the services that the United States Probation Department provides." He says that he has maintained employment with his current employer since he has been on supervision.

However, "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release. . . ." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). In short, compliance is expected, not exceptional behavior. Thus, "unblemished" post-conviction conduct is not "alone . . . sufficient reason to terminate the supervised release" because, if this were the case, "the exception would swallow the rule." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).

The supervising probation officer reports that although Evans has been compliant with all the terms of supervision, which is commendable, his adjustment to supervision has been only "fair." The Post-Conviction Risk Assessment (PCRA) Tool classifies Evans in the Low/Moderate

category. Offenders in that category have a 17% arrest rate and a 6% revocation rate over the next 12 months.

The defendant's crime was serious. Judge Chambers sentenced him to a substantial prison term, even though Evans benefited from the safety valve to avoid a longer mandatory minimum sentence. The four-year term of supervision was part of that sentencing package. As the Supreme Court explained in *Gall v. United States*, 552 U.S. 38, 48 (2007), supervised release is a form of punishment that involves restrictions on liberty. The defendant has not offered sufficient justification to reduce that punishment.

Accordingly, it is **ORDERED** that the defendant's motion for early termination of supervised release (ECF No. 3) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  January 10, 2023